Rose Freudenthal, Respondent, v. Cornell Contracting Corporation, Appellant, et al., Defendants.— Action to recover damages for injury to plaintiff's real property during the construction of a city subway in the borough of Brooklyn by appellant. Order denying appellant's motion to dismiss the complaint because of plaintiff's alleged unreasonable neglect to prosecute the action affirmed, without costs. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post*, p. 755.]

In the Matter of the Accounting of Elvia Bailey, as Executrix of Gertrude L. Gibson, Deceased, as Trustee under the Will of Annie R. Gibson, Deceased, Respondent-Appellant. Arthur E. Gibson, Appellant-Respondent.— In a proceeding to settle an executrix's account, order dismissing the appellant-respondent's answer, and order striking out a portion of the objections to the account, insofar as appealed from affirmed, with one bill of ten dollars costs and disbursements to each party filing a brief, payable out of the estate. . No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.

In the Matter of the Application of Frederick Walz, Appellant. Lafayette National Bank of Brooklyn in New York, as Administrator of the Estate of Louisa Herle, Deceased, and William V. Elliott, Public Administrator of Kings County, as Administrator with the Will Annexed of the Estate of Ludwig Flickinger, Deceased, Respondents.— Appellant instituted this proceeding to compel the Public Administrator, as administrator *c. t. a.* of the estate of Ludwig Flickinger, deceased, to pay appellant's disbursements incurred in the probate of the last will and testament of Ludwig Flickinger, deceased, and also to direct respondent Lafayette National Bank, as administrator of the estate of Louisa Herle, to pay said disbursements out of the Flickinger estate's distributive share in the Herle estate. Appellant moved to strike out the answer of both respondents and for other relief. The motion, insofar as it related to the Public Administrator, was denied, without prejudice to renewal; and so far as it related to the Lafayette National Bank, as administrator, was denied, and the proceeding dismissed. Decree of the Surrogate's Court of Kings County unanimously affirmed, without costs. No opinion. Present — Close, P. J., Johnston, Lewis and Aldrich, JJ.; Hagarty, J., not voting.

In the Matter of the Application of Richard Knight, as General Guardian of Nora Knight and Dinah Knight, Appellant, to Set Aside an Ex Parte Order Dated May 13, 1936, of the Surrogate of Nassau County Entered in the Estate of Lewis C. Ledyard, Jr., Deceased. United States Trust Company of New York, as Executor of Lewis C. Ledyard, Jr., Deceased, Respondent.— Order of the Surrogate's Court of Nassau County denying appellant's motion to set aside an order of said Surrogate's Court dated May 13, 1936, authorizing certain expenditures for the maintenance of the decedent's home, affirmed, with ten dollars costs and disbursements, payable by appellant personally. No opinion. In view of the character of the affidavit upon which the appellant moved, the record is directed to be sealed. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post*, p. 776.]

In the Matter of the Accounting of Edgar F. Luckenbach, as Trustee under the Will of Lewis Luckenbach, Deceased. William R. Conklin, as General Guardian of Edgar F. Luckenbach, Jr., an Infant, et al., Appellants; Andrea L. Dobbs et al., Respondents.— Order of the Kings County Surrogate's Court denying motion to vacate a resettled decree of said court, and for other relief, affirmed, with ten dollars costs and disbursements to all parties filing briefs, payable out of the estate of Lewis Luckenbach, deceased. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.